Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
CURTIS KUHN

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| CURTIS KUHN,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICA'S NETWORK, INC.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## PLAINTIFF'S COMPLAINT

CURTIS KUHN (Plaintiff), through by and through his attorneys, KROHN & MOSS, LTD., alleges the following against AMERICA'S NETWORK, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

6. Plaintiff is a natural person residing in Willcox, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency based in Snellville, Gwinnett County, Georgia, and conducts business in Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff at his home number (520)384-3483 multiples times each day seeking and demanding payment for the alleged consumer debt.

12. Defendant's representative, a "Ms. Stevens" or "Ms. Stevenson" called Plaintiff at his home number and threatened to have Plaintiff arrested.

13. Defendant's representative, a "Ms. Stevens" or "Ms. Stevenson" called Plaintiff at his home number and stated that when Defendant had him arrested, Plaintiff would have to post $1500 bond, plus $795 for the alleged debt, in order to get out of jail.

14. Defendant's representative, "Ms. Stevens" or "Ms. Stevenson" told Plaintiff that they would put an arrest warrant on his driver's license and that if he was stopped for a traffic violation he would be arrested for "passing bad checks."

15. Defendant made these calls from (877) 331-8194 and (800)994-4422.

16. Defendant failed to identify itself as a debt collector in the initial communication and in subsequent communications.

17. Defendant called a third party, Plaintiff's uncle Claude Kuhn, at his home phone number of (520) 384-4550, and told him Plaintiff was "in violation of state law."

18. Defendant called a third party, Plaintiff's brother, Doug Kuhn, on his home phone number (520) 384-5282 and told him Plaintiff was "in violation of state law."

19. Defendant called a third party, Plaintiff's cousin, James Kuhn, on his home phone number of (520) 384-0349 and told them Plaintiff owes an alleged debt.

20. Defendant failed to disclose to third parties, Plaintiff's relatives, that it was a debt collector and attempting to collect on an alleged debt.

21. Defendant placed these calls to Plaintiff's relatives without giving meaningful disclosure of its identity.

22. Defendant has not provided Plaintiff with a validation of this alleged debt.

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

    b. Defendant violated *§1692c(b)* of the FDCPA by contacting Plaintiff's brother and telling him that Plaintiff was "in violation of state law."

    c. Defendant violated *§1692c(b)* of the FDCPA by contacting Plaintiff's cousin and telling him that Plaintiff was "in violation of state law."

    d. Defendant violated *§1692c(b)* of the FDCPA by contacting Plaintiff's uncle and telling him that Plaintiff was "in violation of state law."

    e. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of this is to harass, abuse, and oppress the Plaintiff by telling

Plaintiff's relatives he was "in violation of state law," an abusive attempt to embarrass Plaintiff in front of his relatives.

f. Defendant violated *§1692d(2)* of the FDCPA by using abusive language in an attempt to collect the alleged debt by threatening Plaintiff that he would be arrested if stopped for a traffic violation.

g. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

h. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with the debt collection.

i. Defendant violated *§1692e(4)* of the FDCPA by making the false representation that Plaintiff was "in violation of state law" and would be arrested in connection with this alleged debt.

j. Defendant violated *§1692e(5)* of the FDCPA threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

k. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff when Defendant did not intend to do so.

l. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication that the communication was from a debt collector and anything said would be used for that purpose. Defendant further failed to state in subsequent communications that the communication was from a debt collector.

m. Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the

debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, CURTIS KUHN, respectfully requests judgment be entered against Defendant, AMERICA'S NETWORK, INC., for the following:

24. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
25. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*
27. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiff, CURTIS KUHN, demands a jury trial in this cause of action.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: September 14, 2010           KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

### VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, CURTIS KUHN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CURTIS KUHN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 9-2-2010                                  _____
                                                                CURTIS KUHN